MICHAEL H. WATSON, JUDGE
*1074 Plaintiffs, on behalf of themselves and all other opt-in members of their certified class, move to equitably toll the statute of limitations for their Fair Labor Standards Act ("FLSA") claim against Defendant. Mot. Toll, ECF No. 55. In their motion, Plaintiffs request that the statute of limitations be tolled for 599 days[1] or, alternatively, for a time period that this Court deems to be equitable. Id. For the following reasons, the Court GRANTS Plaintiff's motion.
I. PROCEDURAL HISTORY
The facts of the underlying dispute in this case were set forth in detail in this Court's Opinion and Order granting conditional class certification. Op. and Order, ECF No. 29. This Opinion and Order will therefore focus on the procedural history of the claim and will discuss the merits only as they relate to the request for equitable tolling.
Plaintiffs filed their FLSA Complaint against Defendant in April 2016 for failure to properly pay overtime wages, Compl., ECF No. 1, and moved for conditional class certification on May 3, 2016. Mot. Certification, ECF No. 2. Defendant sought and was granted a forty-five day extension of time to file its opposition brief. Mot. Extension, ECF No. 4. Approximately one month later, Defendant moved to stay the case and requested discovery. Mot. Stay, ECF No. 11. Defendant then sought a second extension of time to file its opposition brief, asking to file the same either after the Court ruled on the motion to stay or after the initial discovery period ended. Mot. Extension, ECF No. 14. In both of its requests for additional time, Defendant agreed to toll the statute of limitations until it filed its opposition brief.
Magistrate Judge King ordered both parties to respond to written discovery and set the deadline for Defendant's opposition brief. Order, ECF No. 20. When Defendant filed its opposition brief on September 2, 2016, per the agreement between the parties, the statute of limitations was tolled for ninety-eight days. Resp., ECF No. 60. Plaintiffs filed their reply just over two weeks later. Resp., ECF No. 27.
The Court granted conditional class certification to Plaintiffs in early January 2018 and ordered Defendant to provide a list of each current and former employee fitting the class definition. Op. and Order, ECF No. 29. The parties then jointly requested an additional fourteen days to comply with the Order and agreed to toll the statute of limitations during that time. Mot., ECF No. 31. Altogether, the parties agreed to toll the statute of limitations for 112 days. Resp., ECF No. 58.
Defendant provided Plaintiffs with correct class information on February 26, 2018. Mot. Tolling, ECF No. 55. Notice was issued two days later, and over 150 purported class members returned consents *1075 to join the collective action by the opt-in deadline of April 14, 2018. ECF No. 55.
Plaintiffs request that the Court equitably toll the statute of limitations for opt-in class members from the date Plaintiffs filed their Motion for Conditional Class Certification (May 3, 2016) through the end of the notice period (April 14, 2018). Mot. Tolling, ECF No. 55.
II. ANALYSIS
Claims against an employer for unpaid compensation must be filed within two years of the cause of action when the FLSA violation is not willful or three years when the violation is willful. 29 U.S.C. § 255(a). A new cause of action accrues with the receipt of each paycheck that fails to properly include pay for overtime wages. Viciedo v. New Horizons Comput. Learning Ctr. of Columbus, Ltd. , 246 F.Supp.2d 886, 902 (S.D. Ohio 2003) (citing Archer v. Sullivan Cty. , 129 F.3d 1263, 1997 WL 720406, at *2 (6th Cir. 1997) ).
For FLSA collective actions, filing the complaint does not toll the statute of limitations. 29 U.S.C. § 256. Rather, the statute of limitations continues to run on each individual claim until each opt-in plaintiff files his or her consent to join the action. Id. FLSA procedures consequently permit a lapse between the filing of the collective action and the date of each plaintiff's opt-in, but Congress has never explicitly prohibited the federal judiciary from equitably tolling the statute of limitations in FLSA cases. Baden-Winterwood v. Life Time Fitness , 484 F.Supp.2d 822, 826 (S.D. Ohio 2007).
The doctrine of equitable tolling is read into every federal statute, and the decision to grant equitable tolling "lies solely within the discretion of the trial court." Id. (citing Truitt v. Cty. of Wayne , 148 F.3d 644, 648 (6th Cir. 1998) ). Even still, the Sixth Circuit grants equitable tolling sparingly. Amini v. Oberlin College , 259 F.3d 493, 500 (6th Cir. 2001).
To determine the appropriateness of equitable tolling, this Court typically considers five factors: (1) actual knowledge of the filing requirement; (2) constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness i[n] remaining ignorant of the particular legal standard. Truitt , 148 F.3d at 648. To prevent inequity, "the propriety of equitable tolling must necessarily be determined on a case-by-case basis." Id. The Truitt factors are not necessarily comprehensive, however, and additional factors may be considered. See Allen v. Yukins , 366 F.3d 396, 401 (6th Cir. 2004).
District Judges within this circuit regularly conclude that equitable tolling is improper when potential opt-in plaintiffs have not yet been identified or notified. See, e.g., Brittmon v. Upreach, LLC , 285 F.Supp.3d 1033, 1046 (S.D. Ohio 2018) ; Richert v. LaBelle HomeHealth Care Serv. LLC , No. 2:16-cv-437, 2017 WL 4349084, at **6-7 (S.D. Ohio Sept. 29, 2017). The Court cannot properly apply the Truitt five-factor analysis to the claims of plaintiffs not yet before the court. See Brittmon , 285 F.Supp.3d at 1046.
However, in the present case, this Court has already granted Plaintiffs' request for conditional class certification. Class members received notification of the collective action, and over 150 plaintiffs returned their consent to opt-in to the lawsuit. These opt-in plaintiffs are not hypothetical; they are currently before the court as parties to this action. It is therefore not premature to rule on a motion for equitable tolling at this stage of the case.
*1076 Defendant argues against tolling the statute of limitations for the entire group of opt-in Plaintiffs, contending that equitable tolling is never appropriate for group consideration in the context of an FLSA collective action. Resp., ECF No. 58. Some District Judges in this circuit have concluded that it is improper to equitably toll a statute of limitations for an entire group of plaintiffs in a FLSA collective action because, they find, the case-by-case Truitt analysis requires a determination of "whether each plaintiff satisfies the ... five-factor test." Fenley v. Wood Grp. Mustang, Inc. , 170 F.Supp.3d 1063, 1077-78 (S.D. Ohio 2016) (emphasis added); see also Lemmon v. Harry & David Operations, Inc. , No. 2:15-cv-779, 2016 WL 234854, at *8 (S.D. Ohio Jan. 20, 2016) ; Atkinson v. TeleTech Holdings, Inc. , No. 3:14-cv-253, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015). This Court respectfully declines to follow the reasoning set forth in those decisions.
First, the Court finds that the Sixth Circuit opinions those cases rely on do not hold that group-wide tolling is improper. For instance, in concluding that equitable tolling requires an analysis of whether each individual plaintiff satisfied the five-factor Truitt test, the Lemmon court relied on two Sixth Circuit cases, which explained that a "plaintiff bears the burden of demonstrating why he or she is entitled to equitably toll the statute of limitations in a particular case." Lemmon , 2016 WL 234854, at *7 (quoting Robertson v. Simpson , 624 F.3d 781, 784 (6th Cir. 2010) ); see also Yukins , 366 F.3d at 401. Those Sixth Circuit cases, however, considered only a single plaintiff's request for equitable tolling in habeas corpus actions and did not consider the propriety of tolling a statute of limitations on a group-wide basis. The language used in those cases must be considered in this context.
Second, the facts in Fenley, Lemmon , and Atkinson are inapposite to those in the case at hand. In those cases, the plaintiffs moved for equitable tolling while moving for conditional class certification. See Fenley , 170 F.Supp.3d at 1067 ; Lemmon , 2016 WL 234854, at *1 ; Atkinson , 2015 WL 853234, at *1-2. The courts in those cases consistently found, as this Court has, that a ruling on equitable tolling prior to certification would be premature as the characteristics of the putative class were still unclear at that stage of the litigation. Fenley , 170 F.Supp.3d at 1077 (denying equitable tolling because potential plaintiffs had "not yet opted into the lawsuit"); Lemmon , 2016 WL 234854, at *8 (declining to "extend the rights of putative plaintiffs"); Atkinson , 2015 WL 853234, at *8 (holding that claims for equitable tolling "on behalf of potential opt-in plaintiffs [are] premature since those individuals are not yet before the court"). Because the posture of those cases was a substantial factor in the outcomes of each of those opinions with respect to equitable tolling, and because this case is in a different procedural posture, those cases are less persuasive.
Indeed, other courts do routinely grant equitable tolling in FLSA collective actions when doing so is warranted by the specific facts of the case. Whether, and how long, to equitably toll depends on the circumstances, but courts commonly find that tolling is appropriate when, as here, plaintiffs pursue their claims diligently but nevertheless experience a substantial delay between the time they moved for conditional certification and the time the court granted conditional certification/authorized notification to potential class members.
When notification to potential class members is impeded by an excessive court delay, equitable tolling helps ensure that plaintiffs are not "penalized due to the *1077 courts' heavy dockets." Jackson v. Bloomberg, L.P. , 298 F.R.D. 152, 170 (S.D.N.Y. 2014). An excessive delay on the part of the court constitutes an "extraordinary circumstance" beyond the plaintiffs' control and "should not cause the opt-ins to lose out on the potential benefits of [the] lawsuit." Bergman v. Kindred Healthcare, Inc. , 949 F.Supp.2d 852, 860 (N.D. III. June 11, 2013) ; see also Yahraes v. Rest. Assoc. Events Corp. , No. 10-cv-935, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011).
Courts vary in how they define an "excessive delay" and in how they grant equitable tolling to remedy such delays in the context of FLSA collective actions. See, e.g., Small v. Univ. Med. Ctr. of S. Nev. , No. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *4 (D. Nev. June 14, 2013) ; Holliday v. J. S. Express Inc. , No. 4:12-cv-01732 ERW, 2013 WL 2395333, at *8 (E.D. Mo. May 30, 2013) ; Abadeer v. Tyson Foods , No. 3:09-0125, 2010 WL 5158873, at *4 (M.D. Tenn. Dec. 14, 2010). These determinations depend substantially on the facts of each case, but when the facts indicate "a delay beyond the movants' control," many courts find equitable tolling to be an appropriate remedy. Kampfer v. Fifth Third Bank , No. 3:14-cv-2849, 2016 WL 1110257, at *7 (N.D. Ohio Mar. 22, 2016) (concluding that a six-month court delay warranted equitable tolling when the plaintiff had diligently asserted her rights). In fact, in situations where court delay has time-barred a sizeable number of potential plaintiffs, many courts find that the delay alone warrants equitable tolling and decline to analyze the typical equitable tolling factors. See, e.g., Jackson , 298 F.R.D. at 171. This Court agrees with that approach.
In the present case, Plaintiffs moved for class certification and timely briefed that motion, but they did not receive a court ruling on that motion for almost sixteen months after it became ripe (473 calendar days). Obviously, some delay in ruling on a motion for conditional certification is expected and is the reality of Congress' choice to keep the statute of limitations running until each opt-in plaintiff files his or her consent to opt into the action. See 29 U.S.C. § 256(b). Tolling the statute of limitations from the date Plaintiffs filed their motion for conditional certification[2] -or even from the date it became ripe-would contravene this intent and would not be equitable because it would result in a windfall to Plaintiffs. What constitutes a "reasonable" period of time to rule on a ripe motion for conditional certification may vary from court to court or even from time to time within a single court. In any event, this Court concludes that a delay of almost sixteen months is unreasonable and was entirely beyond Plaintiffs' control. For purposes of this case, the Court finds that six months would have been a reasonable amount of time to rule on the ripe motion, and all delay exceeding six months constitutes an extraordinary circumstance beyond Plaintiffs' control. This approach best "comports with the regular course of litigation and reflects the lapse of time the FLSA's opt-in mechanism necessarily involves."
*1078 Thompson v. Direct Gen. Consumer Prods., Inc. , No. 3:12-cv-1093, 2014 WL 884494, at *10 (M.D. Tenn. Mar. 5, 2014) (finding that a fifteen-month delay is excessive but declining to toll the entire period of the delay). The tolling for Plaintiffs' claim will therefore begin six months after Plaintiffs' motion for conditional certification became ripe for review-March 19, 2017.
Finally, Plaintiffs request that the Court toll the statute of limitations through the end of the notice period, which concluded on April 14, 2018. However, under the FLSA, the statute of limitations for collective actions continues to run, after a court grants conditional certification and approves notice, until each individual plaintiff has opted-in to the lawsuit. Moreover, the parties have agreed to toll a portion of the time after the Court granted conditional certification in this case but before notice was approved. See Stipulation, ECF No. 33. In light of these facts, and absent any extenuating circumstances such as egregious conduct on the part of Defendant delaying the ability to mail the notice or unreasonable delay by the Court in approving the form of notice, it would not be equitable to toll the period of time between the Court's grant of conditional certification and the end of the opt-in period. The Court will therefore toll the statute of limitations only from March 19, 2017, through the date the Court granted conditional certification, January 5, 2018. This results in a total of 292 calendar days.
III. CONCLUSION
For the above reasons, the Court GRANTS Plaintiffs' motion for equitable tolling and ORDERS that the statute of limitations be tolled for 292 days with respect to any plaintiff who timely and validly opted into the lawsuit. This period of time is in addition to all tolling previously agreed to by the parties. The Clerk shall terminate ECF No. 55 from the Court's pending motions list.
IT IS SO ORDERED.

Plaintiffs ask the Court to toll all time between the filing of their motion for conditional certification (May 3, 2016) through the end of the notice period (April 14, 2018), minus the 112 days that the parties previously agreed to toll. See ECF Nos. 14, 33.

Approximately twenty months passed between the date Plaintiffs moved for conditional certification and the date the Court ruled on the motion. Four of those months, however, were spent briefing the motion, and it would not be equitable to toll the statute of limitations (beyond the time the parties have agreed to toll it) for this reasonable amount of time spent on discovery and briefing the motion. That is time the parties would expect the statute of limitations to run under the statutory scheme, and there is nothing extraordinary about that process taking four months.